ERROL J. HESS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hess v. Commissioner
Docket No. 12978-89
United States Tax Court
T.C. Memo 1991-184; 1991 Tax Ct. Memo LEXIS 211; 61 T.C.M. (CCH) 2493; T.C.M. (RIA) 91184; April 29, 1991, Filed *211 Decision will be entered under Rule 155. Held: Petitioner is liable for the deficiency as increased during trial and for the additions to tax, and a penalty under section 6673 in the amount of $ 5,000 is imposed on petitioner. Errol J. Hess, pro se. John R. Keenan, for the respondent. WHITAKER, Judge. WHITAKER
MEMORANDUM OPINION Respondent determined deficiencies in petitioner's Federal income tax for the year 1986 in the amount of $ 1,967 with additions to tax under section 6653(a)(1)(A) [1] in the amount of $ 98.35, under section 6651(a)(1) in the amount of $ 279.75, under section 6654(a) in the amount of $ 43.85, and under section 6653(a)(1)(B) in an amount equal to 50 percent of the interest payable under section 6601 with respect to the portion of the underpayment to which section 6653(a)(1)(A) applies. Respondent also filed a Motion for Damages (penalties) under section 6673 and petitioner filed an objection thereto. The issues include the deficiency, a small additional amount of omitted income, and the additions to tax. For convenience, our Findings of Fact and Opinion are combined. *212 At the date on which the petition in this case was filed (June 12, 1989), petitioner resided in Bristol, Tennessee. This case was tried on April 23, 1990. Petitioner was married throughout 1986. Petitioner did not contest the deficiency or the additional omitted income and is deemed to have conceded these adjustments. Petitioner has a history of failing to file tax returns. In Hess v. Commissioner, T.C. Memo 1989-167, we determined that petitioner had failed to file income tax returns for the years 1981, 1982, and 1984. In that case petitioner's constitutional argument was that he should not be required to file tax returns until the Government assured him that no portion of his taxes would be used to conduct warfare. Before this Court, petitioner admitted that he had not filed an income tax return for the year 1986 and explained his contention that his refusal to file an income tax return was because of a "deep-held conviction." Petitioner also filed a two-page statement which the Court directed to be filed as petitioner's Exhibit 1 and which the Court agreed to treat as though petitioner had read it into the record. In his petition, petitioner stated *213 that he disputes the amount of additional taxes, additions, and penalty. He claimed that he was entitled to five exemptions for himself, his wife, and three minor children. Petitioner also contends before this Court that he has an ethical inability to file a tax return which is similar to "freedoms of speech, free press, assembly and worship" which are subject to constitutional protection. In a letter sent to the Court which was filed as an Amendment to the Petition, petitioner argues that the prior case allowed him exemptions for himself, his wife, and his three children, which is correct. He also complained that respondent had refused to allow him the exemptions administratively. Respondent has stipulated that petitioner is entitled to claim his wife and his three children as dependents for the 1986 tax year. The parties have further stipulated that during 1986 petitioner was employed by the Easter Seal Society of Virginia, Inc., from which he received taxable compensation in the amount of $ 14,990, and that petitioner was also employed by Mt. Empire Community College, from which he received the sum of $ 1,200. In both instances, Forms W-2 were issued to petitioner and income *214 tax was withheld. Respondent also stipulated that petitioner's tax liability should be determined with five exemptions and on the rates applicable to a person who is married and filing separately. Petitioner argues that his income tax liability should be determined as if he had filed a joint income tax return. In view of the stipulation and the failure to present any evidence as to the omitted income, the deficiency as increased on the record is made final. Petitioner is not entitled to have his tax liability determined as though he had filed a joint income tax return. Section 6673 as amended, by the Omnibus Budget Reconciliation Act of 1989, Pub. L. 101-239, sec. 7731(a), 103 Stat. 2106, 2400, applies to positions taken after December 31, 1989, in proceedings pending on, or commenced in, this Court after such date, and authorizes the Court to require a taxpayer to pay the United States a penalty not in excess of $ 25,000. The Court informed petitioner during the trial that a penalty would be imposed in an amount which the Court hoped would be sufficient to persuade petitioner that it was not wise to continue his policy of refusing to file Federal income tax returns. Taking *215 into account petitioner's frivolous position, his actions in refusing to file tax returns, filing his petition, and insisting on a hearing, we hereby require petitioner to pay the United States a penalty in the amount of $ 5,000. Decision will be entered under Rule 155. Footnotes
1. Unless otherwise noted, all section references are to the Internal Revenue Code as amended and in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩